IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 05-40445-H2-11 |
| JOSEPH MERCER | § | |

**MEMORANDUM OPINION
FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING ORDER TO CONSUMMATE SALE AND
<u>APPOINTMENT OF PARTY TO EXECUTE SALE DOCUMENTS (Doc. # 160)</u>**

In docket # 160, Virginia Kent and DTC L.L.C. asked the Court to order Joseph Mercer ("Debtor") to execute documents necessary to consummate a sale previously ordered by this Court. For reasons set forth below, and by separate written order issued this date, Joe Hill is appointed, designated, and directed to execute appropriate documents of conveyance to consummate the transfer of the property.

BACKGROUND

This case was filed in July, 2005. Debtor remained a debtor in possession through June 5, 2006, when the Court appointed a chapter 11 trustee. In those eleven months, Debtor did not make material progress toward confirmation of a chapter 11 plan.

This bankruptcy estate owns a ½ interest in property located at 3512 Kemp Blvd. Wichita Falls, Texas (the "Kemp Street Property"). Virginia Kent owns the other one-half. Interest and attorneys' fees were rapidly increasing on a claim secured by the Kemp Street Property. Debtor decided to sell the property to resolve disputes with the secured creditor. Debtor filed a motion on February 26, 2006, to sell the property for $277,000. The Court emphasizes that it was Debtor who filed the motion to sell for $277,000.

Virginia Kent found a higher offer, $300,000. An Agreed Order was presented authorizing the sale, but even when the agreed order was presented Debtor asserted that a higher price was available, but not ripe. On March 22, 20006, the Court authorized Debtor's counsel to conduct an auction between the two prospective purchasers and to sell the property to the highest bidder, but directed Debtor to conclude the sale prior to March 31, 2006 (the "Agreed Order Authorizing Sale").

On March 30, one of the two prospective purchasers notified Debtor's counsel that it could not get financing, and therefore it was withdrawing.[1] Having only one potential purchaser, Debtor's counsel

---

[1] The party that withdrew was the party that Debtor had suggested would pay more than $300,000.

did not conduct the auction and notified the remaining purchaser that the Court's authority to sell the property for $300,000 was final. The Court finds that this conduct adequately complies with the intent, purpose, and requirements of the Agreed Order Authorizing Sale. Indeed, the Agreed Order for sale of the property is a final order, to which no appeal has been taken and no motion for reconsideration has ever been filed.

Nevertheless, Debtor, as debtor-in-possession, refused to sign the sale documents. The prospective purchaser deposited the purchase price with the closing agent, and testified that he was incurring continuing losses on account of failure to consummate the sale.

On May 19, Debtor had still not completed the sale and Virginia Kent filed a motion to require Debtor to consummate the sale. The Court scheduled a hearing for June 5. At that hearing, Debtor fired his counsel and tried to represent himself, even though successor counsel was present in the courtroom. Debtor again argued that a higher price could be obtained, and made other arguments that the Court could not understand as relevant or material.

The Court concluded that appointment of a chapter 11 trustee was necessary. The Court continued the hearing on Virginia Kent's motion to June 26 and required the chapter 11 trustee to investigate and to report.

On June 26 the chapter 11 trustee reported that the sale should be consummated. Immediately prior to the hearing, however, Debtor moved for a continuance of the hearing. The essence of the motion was that Debtor intended to convert the case to chapter 13, but that he had obtained new counsel and that (even though counsel had attended the June 5 hearing) counsel needed to "catch up." The Court denied the motion for continuance. The sale of this property has been before the Court since February, 2006.[2]

Debtor also moved for conversion to chapter 13. Debtor filed the motion only hours before the hearing; it had not yet been docketed, and the Court was not aware of it prior to the hearing. The Court will set the motion to convert for hearing.[3]

In the meantime, the Court concludes that the order for sale of the property dated March 22, 2006, must be enforced. Debtor refuses to do so. Because a chapter 11 trustee has been appointed, and because the case has not yet been converted to chapter 13, the chapter 11 trustee is the proper party to sign the documents. And because the case may be converted to chapter 13 prior to consummation of the

---

[2] *See* Court's order of June 5, 2006.

[3] In the courtroom, the Court incorrectly assumed that conversion from chapter 11 to chapter 13 was a matter of right. On later review, the Court discovered its error. The Court will set a hearing on the motion to convert. In the meantime, the Court appoints Joe Hill to execute the documents necessary to consummate the sale, regardless of whether the case is eventually converted to chapter 13 and another trustee appointed.

sale, the Court will assure execution of its order by appointing the chapter 11 trustee under Rule 70 of the Federal Rules of Civil Procedure, regardless of conversion.

Rule 70 provides:

> If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents ... and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party.

Rule 70 is adopted in bankruptcy cases by Rule 7070 of the Federal Rules of Bankruptcy Procedure. Normally, Rule 7070 does not apply to contested matters like this. But "The court may at any stage in a particular matter direct that one or more of the other rules on Part VII shall apply."[4] Therefore, the court will apply Rule 7070 in this contested matter. Since compliance is required only by Joe Hill, the court finds that further notice is not necessary.

## CONCLUSION

Therefore, by separate written order, Joe Hill is appointed as the person to execute such documents as may be necessary to convey the Kemp Street Property to DTC. L.L.C. and is directed to consummate the sale ordered by the Court on March 22 in docket # 141.

SIGNED    June 28, 2006

_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE

---

[4] *See* Rule 9014(c).